BARTRAM et al. v. UNITED STATES. HOWELL et al. v. SAME. AMERICAN SUGAR–REFINING CO. v. SAME.

(Circuit Court, S. D. New York. March 22, 1901.)

CUSTOMS DUTIES—COMMISSION TO TAKE TESTIMONY OF FOREIGN WITNESS.

The circuit court has no power to issue a commission to take the testimony of a foreign witness, in cases pending in said court, on an appeal from a decision of the board of general appraisers, under section 15 of the act of June 10, 1890.

Motion by importers for an order that a commission issue, out of and under the seal of the court, to the consul general at Vienna, Austria, authorizing him to examine Friedrich Strohmer, under oath, upon written interrogatories annexed thereto, in three actions, the same being appeals by importers to the United States circuit court from decisions of the board of United States general appraisers, brought under the provisions of the customs administrative act of June 10, 1890.

H. B. Closson and E. Victor Frothingham (Parsons, Shepard & Ogden, of counsel), for the motion.

Henry C. Platt, Asst. U. S. Atty.

The assistant United States attorney opposed for the following reasons:

(1) Section 15 of the customs administrative act of June 10, 1890, is the only provision of law conferring jurisdiction upon the circuit court in cases of this character.

(2) It provides that upon application of either the importer, or of the collector, or of the secretary of the treasury, as the case may be, the court may refer it to one of said general appraisers, as an officer of the court, to take and return to the court such further evidence as may be offered by them, or either of them, within 60 days thereafter.

(3) It further provides that such further evidence, with the return of the board, shall constitute the record upon which said circuit court shall proceed to hear and determine the questions of law and fact involved in the decisions of the board respecting the classifications of merchandise, and the rate of duty imposed thereon under such classification.

(4) This is not a suit in equity nor a suit at common law, but a special statutory proceeding provided by congress, and the statute furnishes the only authority given to the circuit court therein.

(5) No power or authority is given to the circuit court to refer it to anybody as an officer of the court, except to one of said general appraisers, to take and return to the court additional evidence.

(6) No provision is therein made authorizing the court to issue a commission to take testimony in a foreign country as a part of the additional evidence, or to take evidence before any other officer of the court than the one specified in the statute, to wit, one of said general appraisers.

(7) No provision is therein made for such procedure, in that respect, as in equity or common-law cases pending in the circuit court, of which said court has original jurisdiction. The jurisdiction of the circuit court in these proceedings is appellate.

(8) There is no statute of the United States authorizing the issuance of a commission in cases of this character brought under the act of June 10, 1890.

(9) The entire proceeding under that act, from beginning to end, is a special statutory one,—something different from any practice either in common law or equity suits.

(10) The jurisdiction and procedure of the circuit court in such cases must be confined within the powers bestowed by the provisions of this special act, and the court has no power to inaugurate any procedure outside of the terms thereof.

(11) There is no rule of the supreme court of the United States or of the circuit court providing for such a practice in this special line of cases arising under the customs administrative act of June 10, 1890.

(12) This is the first application for the issuance of a commission ever made in this circuit, in so-called "Appraisers' Cases," since the passage of the act of June 10, 1890.

LACOMBE, Circuit Judge (orally). There does not appear to be any power to issue commissions in these so-called "Appraisers' Appeals." Motion denied.

Reargument denied, March 29, 1901.